Peelle, J.,
delivered the opinion of the court.
The facts in this case, disclosed by the evidence, are substantially these: Pursuant to the act of September 27, 1890 (26 Stat. L., 492; printed in full at the end of Perry’s Case ante), creating a commission for the purpose of establishing the Bock Creek Park, the President appointed, by and with the advice and consent of the Senate, Bichard Boss Perry, Henry W. Boynton, and S. T. Langley, who, together with the Chief of Engineers of the Army of the United States and the Engineer Commissioner, of the District of Columbia, were charged, as such commission, with the duty of establishing said park.
Said Commission organized on October 2,1890, and immediately began the work in which they are yet engaged.
*506 At tbe time of tbe rendition of tbe services for wbicb tbe plaintiffs sue they were members of tbe bar of tbe Supreme Court of tbe United States and of tbe Supreme Court of tbe District of Columbia, and at tbe same time said Cole was tbe attorney of tbe United States for tbe District of Columbia, and said Taggart was bis assistant, at a salary of $3,000 per annum, paid bim by said Cole out of tbe appropriation provided by tbe act of August 8,1892 (26 Stat. L., 313). Said Taggart was at tbe same time a special assistant to tbe district attorney by appointment from tbe Attorney-General, for wbicb" be beld a commission (It. S., secs. 363 and 366), at a compensation not exceeding $6,000 per annum, in a case of some magnitude, wbicb is pending and witb wbicb be is still connected. At tbe time of bis employment by said Cole as assistant it was understood that bis appointment as sucb special assistant was not to be affected except in so far as tbe salary went.
In order to properly execute tbe powers vested by tbe act of September 27,1890 (supra), it became necessary to institute, in tbe name of tbe United States, in tbe Supreme Court of said District, a suit in equity to enjoin tbe cutting of timber on some of tbe land selected by tbe commission under said act, and also to defend a suit in equity brought by some of tbe owners of tbe land against tbe Commission; and also to prosecute in tbe name of the United States in said court proceed'-ings for tbe condemnation of some of tbe land.
In such proceedings Mr. Cole at tbe request of Mr. Perry, one of tb,e Commission, and tbe said Taggart, at tbe request of tbe said District Attorney Cole, rendered, with tbe knowledge and consent of said Commission, extensive and valuable services for and in tbe name of tbe United States. Said Taggarr, also at tbe request of said District Attorney Cole, rendered professional services in examining and certifying titles to various parcels of tbe real estate selected by tbe Commission for said park, all of wbicb services were rendered between April 16, 1891, and November 15,1892.
Said Cole never embraced this claim in any quarterly or emolument account rendered as attorney of tbe United States for said District, nor in any other account rendered by him to ■the Attorney-General or any other Department of tbe Government; tbe claims of said Cole and Taggart, nor either of *507 them, was ever presented to tte Attorney-General for approval; neither of them bas been paid for the services so rendered, otherwise than the maximum compensation allowed said Cole as such district attorney, pursuant to section 835, Revised Statutes, and R. S. of D. 0., section 909, and the compensation of $3,000 per annum to said Taggart, as aforesaid, both of which have been fully paid.
The Supreme Court of the District of Columbia, in a suit pending in said court by its order, referred the claim of the plaintiffs, with another, to its auditor to ascertain what compensation would be proper for the services so rendered, and said auditor afterwards reported to said court recommending the allowance of $10,000, but the court thereafter held that there was “no duty or power confided in this court to determine the proper compensation for the attorneys employed on the part of the United States in that litigation.”
A few days after the passage of the act and before any litigation arose thereunder the Attorney-General of the United States stated to Mr. Perry, one of the Park Commission, that the Commission was not entitled to the professional services of the Department of Justice in their proceedings to establish said park, and he also subsequently stated substantially the same thing to the plaintiff Cole. But it does not appear that he gave any formal opinion in the matter or that he was requested to do so, and did thereafter render both official and professional services in signing a bill in equity for the condemnation of lands at the request of the plaintiff Cole, who also signed said bill officially, and said Attorney-General also appeared with said Perry before Justice Harlan, of the Supreme Court, in argument for the defense of an application for a writ of error and supersedeas to said court. At the time he spoke to Mr. Perry he also requested Mr. Bently, a clerk in the Department of Justice, to tell Mr. Perry the requirements of the Department with respect to title to land taken for the benefit of the United States, which he did; but the burden of such services were performed by the plaintiffs and said Perry.
The claim was referred hereby the Secretary of the Treasury under section 1063, Revised Statutes, upon the certificate of the First Comptroller, who decided adversely to the plaintiffs.
No question was raised on the petition, by demurrer or otherwise, as to the right of the plaintiffs to maintain a joint action, *508 ■presumably because the» claim was referred here by the Secretary of the Treasury uuder Revised Statutes, section 1003, as containing controverted questions of law. This and the kindred case of Perry, hereinafter referred to, were both tried at the same time and ably argued on both sides.
The theory of the plaintiff’s contention is, first, that the District of Columbia is not a judicial district, and that the plaintiff Cole is not therefore a district attorney within the meaning of Revised Statutes, section 767, but is an attorney of the United States for the District of Columbia, pursuant to appointment under Revised Statutes of the District of Columbia, section 904, and is, therefore, “ an officer separate and distinct from them;” second, that the services for which he sues were not within his official duties, and not being within his official duties the services rendered by the plaintiff Taggart, his assistant, were not within his official duties, especially since the plaintiff Taggart was employed by the plaintiff Cole under Revised Statutes of the District of Columbia, section 907, as amended by the appropriation act of August 8, 1880 (25 Stat. L., 313,1 Sup. R. S., 2d ed,, p. 779), instead of being appointed by the Attorn ey-Geueral, as other assistant attorneys are appointed; while the defendants controvert both propositions and contend that the plaintiffs were officers of the United States in' “ a branch of the public service whose salary, pay, or emoluments are fixed by law or regulation,” and that by reason thereof they can not recover “ any additional pay, extra allowance, or compensation, in any form whatever,” for such services, “ unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional jiay, extra allowance, or compensation,” as provided in Revised Statutes, section 1765.
Whether the District of Columbia has been designated as a judicial district by express statute we deem it unnecessary to inquire; but by reference to the act of February 27, 1877, to perfect the revision of the Revised Statutes relating to the District of Columbia (19 Stat. L., 253, and 1st Supt. R. S., 2 ed., p. 130) this provision is found:
“Section seven hundred and sixty-three is amended by striking out said section and inserting in lieu thereof the following as section seven hundred and sixty-three: ‘Said court shall have cognizance of all crimes and offenses committed *509 within said District and of all cases in law and equity between parties, both or either of which shall be resident or be found within said District, and also of all actions or suits of a civil nature, at common law or in equity, in which the United States shall be plaintiffs or comjdainants; and of all seizures on land or water, and all penalties and forfeitures made, arising or accruing under the laws of the United States; and any one of the justices may hold a criminal court for the trial of all crimes and offenses arising within the District.’ ”
■ So that by this act, as well' as by prior acts, judicial powers were conferred upon the courts of the District of Columbia within the jurisdiction and limits of said District; while the plaintiff Cole was appointed under Revised Statutes of the District of Columbia, section 904,'which reads:
“There shall be appointed an attorney of the United States for said District, who shall take the oath and perform' all the duties required of district attorneys of the United States.”
His official duties are there defined, and thereby he was required to “perform all the duties required of district attorneys of the United States.” Revised Statutes, section 773, and other statutes defining '’the duties of district attorneys of the United States were therefore in effect incorporated in the section under which the plaintiff, Cole, was appointed; and in addition to such duties, by reason of there being no State courts within said District, he was required by Revised Statutes of the District of Columbia,-section 90, to perform other duties under the laws of the District, in force at the time therein stated, until otherwise provided by Congress. But we do not regard this question as essential in the ease at bar.
The question, as we view it, is this: Were the plaintiffs at the time of the rendition of the services for which they claim compensation “ officers in any branch of the public service * * * whose salary, pay, or emoluments are fixed by law or regulation?” If they were, they can not recover “any additional pay, extra allowance, or compensation in any form whatever * * * unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation,” as provided in section 1765 (stipra).
It is not controverted that the plaintiff, Cole, was an officer of the United States in a branch of the public service, and that *510 bis compensation was fixed by law (Bevised Statutes of tbe District of Columbia, section 909). Tbe mode of payment is tbe same as other district attorneys of tbe United States (20 Stats. L., 7; R. S., sec. 835, and R. S. of D. C., 908). We tbink it clear that tbe plaintiff, Cole, was not only an officer of tbe United States in a branch of tbe public service within the meaning of Bevised Statutes 1765, but that tbe services rendered for and in the name of tbe United States, for which be sues, were within bis official duties as defined generally in Bevised Statutes, sections 771 and 355. But this question, together with tbe construction of tbe language of tbe act of September 27,1890, section 3, upon which tbe plaintiffs rely, “To pay tbe expenses of inquiry, survey, assessment, cost of land taken, and all other necessary expenses incidental thereto, tbe sum of $1,200,000, or so much thereof as may be necessary,” as well as tbe extent of tbe powers of tbe commission under said act, have been so fully covered in tbe opinion of tbe court in the Perry Case (ante), just decided, that we deem it unnecessary to say more in this connection.
Tbe plaintiff, Taggart, having been employed by bis' co-plaintiff, Cole, pursuant to Bevised Statutes of tbe District of Columbia, section 907, as amended by tbe appropriation act of August 8, 1890 (26 Stats. L., 313, and 1 Supp., R. S., 2 ed., p. 130), as bis assistant, at a salary of $3,000 per annum, and also appointed by tbe Attorney-G-eneral at a compensation not exceeding $6,000 per annum, as a special assistant to tbe district attorney in said District, pursuant to Bevised Statutes, sections 363 and 366, we must bold that be was an officer of tbe United States in a branch of tbe public service within tbe meaning of section 1765 (supra), but whether an officer “whose salary, pay, or emoluments is fixed by law or regulation” we deem it immaterial in this case, since tbe services rendered by him were at the instance and request of tbe plaintiff, Cole, bis superior officer, whose official duty it was to render such service, as held in tbe Perry Case (supra), and being within bis official duties, it necessarily follows that tbe services so rendered by tbe plaintiff, Taggart, bis assistant, were also within bis official duties, otherwise no authority is shown for tbe services rendered, by him. There is no privity shown between tbe plaintiff, Taggart, and tbe United States, as tbe services rendered by him were at tbe request of bis superior officer, who *511 was not authorized to employ counsel for the United States (R. S., secs. 362, 363, 364, 365, 366), but was authorized to direct his assistant to perform services within his (Cole’s) official duties. Nor were the Park Commission authorized to employ counsel on hehalf of the United States, as held in the Perry Case (supra).
The findings disclose the fact that the plaintiff, Taggart, at the request of the plaintiff, Cole, his superior officer, also rendered services in examining and certifying titles to some of the land selected under said park act by the Commission. It will be observed, however, that no provision whatever is made in said act for such services and evidently for the reason that inasmuch as the title to said lands was to be taken in the name of the United States, “ as a public park or pleasure ground for the benefit of the people of the United States,” the laws then in force, defining the duties of the Department of Justice and the attorney of theUnited States for said District, were deemed, by Congress, sufficient to protect the interest of the United States, and in this connection section 355, Eevised Statutes, provides:
“Sec. 355. No public money shall be expended upon any site or land purchased by the United States for the purposes of erecting thereon any armory, arsenal, fort, fortification, navy-yard, custom-house,-light-house, or other public building, of any kind whatever, until the written opinion of the Attorney-C-eneral shall be had in favor of the validity of the title, nor until the consent of the legislature of the State in which the land or site may be to such purchase has been given.
“The district attorneys of the United States, upon the application of the Attorney-General, shall furnish any assistance or information in their power in relation to the titles of the public property lying within their respective districts.
“And the Secretaries of the Departments, upon the application of the Attorney-General, shall procure any additional evidence of title which he may deem necessary, and which may not be in possession of the officers of the Government, and the expense of procuring it shall be paid out of the appropriations made for the contingencies of the Departments respectively.”
So the plaintiff, Taggart, having rendered said services at the request of his superior officer, presumably, because the same had been referred to him by the Attorney-General pursuant to said section, it follows that such services so rendered were, in contemplation of law rendered in the name of plaintiff, Cole, as *512 attorney of the United States for said district, and such services, being within his official duties, no recovery can be had under section 1765 (supra).
The questions involved in this case are so fully covered by the court in the opinion in the Perry Case (supra) that we do not deem it necessary to review here the authorities cited by plaintiffs in support of their contention. We have examined them, but do not believe they support the plaintiff’s contention for extra pay or additional compensation within the meaning of section 1765 (supra), as such services were not authorized by law as in said section contemplated, nor has an appropriation been made therefor explicitly stating that it was for the payment of such services.
For the reasons stated the petition is dismissed.*
Nott, J., was not present when this case was tried and took no part in the decision.

 Note. — On the same day the Supreme Court decided Gibson v. Receiver, etc., in which the opinion reviews some of the statute provisions involved in this case (150 or 151 U. S. R. —).